### Outlaw and McClellan *against* Cook.     *December*, 1824.

**THE** consideration of the bond was the hire of a slave for a year ; two or three months afterwards the slave, by a wound, is disabled from performing any labour ; if there be no express agreement to the contrary, the full amount of the hire must be paid.

Judge *Minor* delivered the opinion of the Court.

By the bill of Exceptions it appears that upon the trial of the issue it was proved that the note on which the action was brought was given for the hire of a slave for a year, who was in good health when hired ; but two or three months afterwards, by an accidental wound, was disabled from performing any labour, and rendered useless and expensive to the hirer for the remainder of the year.

The Court below charged the Jury, that unless it had been otherwise specially agreed, the hirer was nevertheless bound to pay the full amount expressed in the note. This charged is assigned for Error.

In actions on contracts for the rent of houses, &c., or for the hire of slaves, it seems to have been uniformly held that the loss of the house by fire, or of the labour of the slave by sickness, or his running away during the term, does not discharge the tenant or hirer from the payment of any part of the sum agreed to be paid on such consideration. These decisions appear to have been made on the principles and nature of such contracts, and not, as was contended by the Counsel for the plaintiffs in Error, because an enquiry into the consideration of a sealed instru-

December, 1824.

Outlaw and Mc-
Clellan
v.
Cook.

ment was not within the jurisdiction of Courts of Common Law. The tenant or hirer is considered as a purchaser for a limited time, and takes the property subject, during the continuance of his interest, to the same risks as if he was the purchaser of the fee simple. As the law applicable to such contracts appears to be well settled, we must presume, where the parties have not expressly agreed on other terms, that they have made the contract subject to the terms implied by law. We see no reason which can justify us in disturbing these settled principles. As applicable to contracts for the hire of slaves, they appear to be supported by sound considerations of humanity and policy. It is the unanimous opinion of the Court that the judgment of the Circuit Court be affirmed. 6 Mass. R. 63. 3 John. 47. and Bibb's Rep.

Judge *Saffold* having presided on the trial in the Circuit Court, gave no opinion.

*H. G. Perry* for plaintiffs.

*White* and *Gordon* for defendant in Error.